**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0148-24

CITY OF LINWOOD,

    Respondent-Respondent,

and

JAY LODER,

    Petitioner-Appellant.

_____

PUBLIC EMPLOYMENT
RELATIONS COMMISSION,

    Respondent.

_____

        Submitted September 16, 2025 – Decided September 29, 2025

        Before Judges Currier and Jablonski.

        On appeal from the New Jersey Public Employment Relations Commission, PERC No. 2025-001.

        O'Brien, Belland & Bushinsky, LLC, attorneys for appellant (Kevin D. Jarvis, on the briefs).

Youngblood, Franklin & Sampoli, PA, attorneys for respondent City of Linwood (Joseph L. Youngblood, Jr., on the brief).

Christine Lucarelli-Carneiro, General Counsel, attorney for respondent Public Employment Relations Commission (William J. Campbell, IV, Deputy General Counsel, on the brief).

PER CURIAM

Appellant Jay Loder was terminated in a written notice on May 10, 2024, from his firefighter position with the City of Linwood (City) after it investigated numerous allegations made against Loder by members of the Linwood Fire Department. The investigation found Loder violated the City Code in his inappropriate use of a City computer to access unauthorized sites; paid cash to another firefighter to cover a shift for him; and "numerous other administrative issues and problems caused by [his] failure to perform the duties of [his] job in an efficient and safe manner."

Thereafter, Loder commenced a grievance procedure under his union's Collective Negotiations Agreement (CNA). The grievance was denied on July 11, 2024.

On July 23, 2024, Loder submitted a Special Disciplinary Arbitration Request through the Public Employee Relations Commission (PERC) regarding his termination. The City moved to dismiss the arbitration request as untimely

2

A-0148-24

under N.J.S.A. 40A:14-210(b) and PERC regulation N.J.A.C. 19:12-6.3(b), which require a non-civil service firefighter to file an arbitration request within twenty days of their termination. PERC granted the motion and dismissed the arbitration request as untimely in a final decision on August 5, 2024.

On appeal, Loder contends PERC erred in finding his twenty-day time period to file an arbitration request began on May 10, 2024, as the filing deadline should be equitably tolled since Loder relied on the grievance process in the CNA.

Our review of an administrative agency's action is limited. Russo v. Bd. of Trs., Police and Firemen's Ret. Sys., 206 N.J. 14, 27 (2011). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). Although we review an agency's interpretation of a statute de novo, In re Civil Commitment of W.W., 245 N.J. 438, 448 (2021), and are "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue," Mayflower Securities Co., v. Bureau of Securities, 64 N.J. 85, 93 (1973), "deference . . . should be afforded to the interpretation of the

agency charged with applying and enforcing a statutory scheme." <u>Hargrove v. Sleepy's, LLC</u>, 220 N.J. 289, 301 (2015).

Loder does not dispute his request for arbitration was untimely under the governing statute and regulation but instead urges this court to consider his request under the civil service rules or apply equitable principles. We will do neither.

The City is not a civil service jurisdiction. Those laws are not applicable to Loder. Nor are equitable considerations. There is a statute and regulation specific to these circumstances. Loder did not comply with the requisite time frame articulated under those rules. Moreover, under N.J.S.A. 34:13A-5.3, a grievance procedure in a CNA "may not replace or be inconsistent with any alternate statutory appeal procedure . . . ."

Therefore, PERC did not act unreasonably nor arbitrarily in comporting with the pertinent statute and regulation and dismissing Loder's arbitration request as untimely.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0148-24